**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DELILAH COLEMAN, | Case No. 2:20-CV-1511 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is defendants Las Vegas Metropolitan Police Department ("LVMPD") and Officer Ammon Peacock's motion for partial dismissal. (ECF No. 15).[1] Plaintiffs Delilah Coleman and A.C., through her guardian at litem Delilah Coleman, responded in opposition (ECF No. 25) to which defendants replied (ECF No. 27).

## I. BACKGROUND

On July 14, 2018, Delilah Coleman and her minor child A.C. were waiting to turn left at the intersection of Sierra Vista Drive and Swenson Street. (Compl., ECF No. 1-2 ¶ 11). LVMPD officers were in hot pursuit of a stolen Mercedes at the time. (*Id.* ¶ 12). The alleged suspect, who did not use violence or a weapon to steal the car, sped through the intersection with an LVMPD police car in tow. (*Id.* ¶ 15). After the police car and perpetrator sped through the intersection, the permissive left turn light turned green and plaintiffs approached the intersection. (*Id.* ¶ 16). Suddenly, Officer Peacock, who joined the pursuit of the Mercedes, struck the left side of plaintiffs' car at such a "high and excessive

---

[1] ECF No. 19 is a corrected image of the motion to dismiss at ECF No. 15. The court cites ECF No. 19 in this order.

speed" that his airbags deployed. (*Id.* ¶ 17). Officer Peacock did not use his emergency lights and sirens. (*Id.* ¶ 25). Plaintiffs suffered "serious and debilitating injuries" and now need lifetime care. (ECF No. 25 at 2).

Plaintiffs allege negligence; negligent hiring, training, and supervision; violations of substantive due process; and violations of the Nevada Constitution. (ECF No. 1-2). Defendants now move to dismiss everything but plaintiffs' negligence claim, arguing that plaintiffs are trying to "mold a straight-forward personal injury lawsuit into a frivolous civil rights action." (ECF No. 19 at 2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III. DISCUSSION

The court will first address plaintiffs' claims under 42 U.S.C. §1983 and then their state law claims. Section 1983 allows plaintiffs to sue for a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused, (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The statute is "not itself a source of substantive rights" but "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted).

#### A. Substantive Due Process Claim against Officer Peacock

The core of substantive due process is protection against arbitrary violations of fundamental rights that shock the conscience. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998); *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992). That is why substantive due process "is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original); *see also Francis v. California*, 303 F. App'x 427, 429 (9th Cir. 2008). And in the context of a high-speed police chase—"where unforeseen circumstances demand an instant judgment on the part of an officer who feels the pulls of competing obligations"—only "*a purpose to cause harm* unrelated to the legitimate object of arrest" shocks the conscience. *Lewis*, 523 U.S. at 834 (emphasis added). "Such

chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to substantive due process liability." *Id.*

Defendants move to dismiss on two grounds. First, they argue that the complaint does not state what fundamental right Officer Peacock or LVMPD violated. (ECF No. 27 at 6 ("The [complaint] is devoid of any reference to the fundamental right to bodily security." (internal quotation marks omitted))). And even if it did so state, "the right to bodily integrity" has never "been associated with personal injuries from a car accident." (ECF No. 19 at 13). Second, "the complaint fails to state that Officer Peacock acted with anything more than negligence when he collided with Plaintiffs' vehicle." (*Id.* at 14).

Plaintiffs indeed allege that Officer Peacock was "deliberately indifferent" to their safety and this "deliberate indifference and disregard of the substantial and/or justifiable risk to the safety and well-being of the general public, including [p]laintiffs, was so egregious that it shocks the conscience." (ECF No. 1-2 ¶ 65). In opposing dismissal, plaintiffs say their allegations in totality allow the court to plausibly infer that Officer Peacock acted with an intent to harm:

> Officer Peacock did not need to pursue the suspect as other officers were already in pursuit and closer to the suspect. Officer Peacock did not need to drive at the rate of speed he did when entering the intersection on a red traffic signal while pursuing the suspect. Officer Peacock further failed to use all available emergency signals when conducing the pursuit. He did all of this on a busy afternoon when he knew traffic would be heavy. From this conduct, one can reasonably infer that Officer Peacock consciously disregarded traffic laws and disregarded operating his vehicle in a manner that would ensure the safety of all other persons pursuant to Nevada law, thus jeopardizing the safety of citizens, including Plaintiffs. His conscious and reckless disregard reveals his malicious intent to harm pursuant to *Lewis*.

(ECF No. 25 at 20). The court is not convinced. Officer Peacock's alleged conduct likely was negligent "at the least" as plaintiffs contend. (*Id.* at 12). But it falls short of a plausible inference that he had "a purpose to cause harm unrelated to the legitimate object of arrest" in violation of plaintiffs' fundamental right to bodily integrity. *Lewis*, 523 U.S. at 834. Officer Peacock may have acted unwisely or even brazenly but not egregiously in the constitutional sense. *See Collins*, 503 U.S. at 129. It is "at least fairly debatable" that Officer Peacock

- 4 -

rationally furthered a legitimate interest in apprehending a fleeing suspect with his conduct. *Shanks v. Dressel*, 540 F.3d 1082, 1089 (9th Cir. 2008).

This is a high barrier but it is a high barrier for good reason. The Supreme Court "has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open ended." *Collins*, 503 U.S. at 125. Or as defendants put it: "The fundamental right to bodily integrity has not been extended by statute or caselaw . . . to encompass a guarantee by the government that each individual driver or occupant . . . is entitled to travel the roadways without encountering harm to his or her body." (ECF No. 27 at 10).

Furthermore, the court will not grant leave to amend. Plaintiffs have alleged all the facts that they plausibly can. No set of facts will allow an inference that Officer Peacock intended to harm the public or plaintiffs. (*Id.* at 8 ("There is no allegation, as such would be false, that Officer Peacock aimed at oncoming traffic or purposely chose high-traffic areas to pursue the criminal.")). The court cannot allow plaintiffs to "inappropriately mold a straight-forward personal injury lawsuit" into a "civil rights action." (ECF No. 19 at 2). Plaintiffs' substantive due process claim against Officer Peacock is DISMISSED with prejudice.

**B. Substantive Due Process Claim against LVMPD**

A local government entity cannot be vicariously liable under § 1983 for "an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, a plaintiff must plausibly allege that the "execution of a government's policy or custom" reflected a deliberate indifference to his constitutional rights and was the "moving force" behind his injury. *Id.*; *see also City of Canton v. Harris*, 489 U.S. 378, 392 (1989). And if the constitutional violation is based on an informal practice, it must be of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Thus, municipal liability under *Monell* and its progeny can arise in three ways: (1) commission—when a local official executes an express custom, policy, or practice that causes the injury; (2) omission—when a municipality's oversight amounts to a deliberate

indifference to a constitutional right; or (3) ratification—when a final policymaker authorizes or approves of a subordinate's unconstitutional conduct. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Because plaintiffs' substantive due process claim is dismissed with prejudice, their *Monell* claim predicted on such a constitutional violation must be dismissed with prejudice too. Without a plausible constitutional violation, plaintiffs cannot state a *Monell* claim. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the [constitutional violation] is quite beside the point."). And plaintiffs generally cannot establish an illegal custom, policy, or practice *even with* a single well-pleaded constitutional violation. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). Plaintiffs' *Monell* claim against LVMPD is DISMISSED with prejudice.

### C. Plaintiffs' Remaining State Law Claims

Since plaintiffs' two federal law claims are dismissed with prejudice, only their three state law claims remain. (*See* Petition for Removal, ECF No. 1 at 3 (stating that this court has federal question jurisdiction based on plaintiffs' § 1983 claims)). The court can decline to exercise supplemental jurisdiction over these remaining state law claims. 28 U.S.C. § 1367(c)(1)-(4); *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

The decision to decline to exercise supplemental jurisdiction is based on judicial economy, convenience, fairness, and comity. *Acri v. Varian Assocs*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). The Supreme Court has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also French v. Greenpoint Mortg. Funding, Inc.*, No. C 09-5726 PJH, 2010 WL 668037, at *3 (N.D. Cal. Feb. 19, 2010)

James C. Mahan
U.S. District Judge

- 6 -

(noting that "it may be an abuse of discretion" for the court to retain a case when the "federal claims have dropped out of the lawsuit in its early stages").

Plaintiffs are suing a Nevada political subdivision and one of its officers under the Nevada state constitution. (ECF No. 1-2 ¶¶ 72–74). The parties also dispute whether LVMPD is immune from a negligent hiring, training, and supervision claim here based on *Glover-Armont v. Cargile*, 426 P.3d 45 (Nev. App. 2018), and NRS 484B.700 which is "in tension" with NRS 41.032(2) which confers discretionary act immunity. *Id.* at 362. (*Compare* ECF No. 25 at 9, *with* ECF No. 27 at 3). Although this court could adjudicate plaintiffs' state law claims on equal footing with the state court, the interpretation and application of Nevada's Constitution, caselaw, and statutes are better left to the state court. And this case is in its early stages; there has been little motion practice and discovery. (*See* ECF No. 36 (second request to extend discovery)). The court declines to exercise supplemental jurisdiction over plaintiffs' three state law claims and this case is REMANDED to state court where it began.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for partial dismissal (ECF No. 15) be, and the same hereby is, GRANTED. Plaintiffs' federal law claims are DISMISSED with prejudice.

IT IS FURTHER ORDERED that this case is REMANDED to the Eighth Judicial District Court of Clark County, No. A-20-818546-C.

The clerk shall close this case.

DATED July 6, 2021.

_____
UNITED STATES DISTRICT JUDGE